# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:05CR00009 |
| v. ) | |
| ) | **OPINION AND ORDER** |
| **DANA DEMON ROSS,** ) | |
| ) | By: James P. Jones |
| Defendant. ) | Chief United States District Judge |

On November 21, 2005, the court sentenced the defendant in connection with a crack cocaine conviction. In so doing, the court considered the federal sentencing guidelines as required under 18 U.S.C. § 3553(a).

Pursuant to its statutory authority, the United States Sentencing Commission has amended the federal advisory sentencing guidelines applicable to criminal cases involving cocaine base or crack cocaine, effective November 1, 2007. On December 11, 2007, the Sentencing Commission further decided that, effective March 3, 2008, the amended guideline provisions will apply retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to the provisions of 18 U.S.C. § 3582(c)(2).

On February 21, 2008, the court received a Motion to Reduce Sentence pursuant to § 3582(c)(2) from the defendant.

Having considered the defendant's Motion to Reduce Sentence, the court concludes that the motion must be denied. The defendant plead guilty to conspiracy to distribute five or more grams of crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. Under the amended guidelines, the defendant would have a base offense level of 24. Subtracting three levels for his acceptance of responsibility, the defendant's Total Offense Level is 21. The defendant's criminal history gives him a Criminal History Category of II. Thus, the amended guidelines recommend a range of incarceration from 41 months to 51 months. Congress, however, has mandated that offenses involving at least five grams of crack cocaine be punished by a minimum of five years of imprisonment. 21 U.S.C. § 841(b)(1)(B)(iii). At his original sentencing, the defendant was sentenced to 60 months, the statutory mandatory minimum. Consequently, this court lacks the authority to reduce his sentence.

Accordingly, it is **ORDERED** that the defendant's Motion to Reduce Sentence (Doc. No. 76) is **DENIED**.

The Clerk will send copies of this order to the defendant at his place of confinement and to the United States Attorney's Office.

ENTER: March 17, 2008

 /S/ JAMES P. JONES
Chief United States District Judge